UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| REGINA S. BAILEY, | : | |
| Plaintiff, | : | Civil Action No. 09-4119 (KSH)(PS) |
| v. | : | |
| JOSEPH GIBBONS, ET AL., | : | ORDER ON INFORMAL APPLICATION |
| Defendants. | : | |

This matter having come before the Court by way of submissions dated February 23, 2010, regarding discovery disputes between the plaintiff and Defendant Englewood;

and the parties having been on notice of the protocol that must be followed to seek court-intervention in connection with discovery disputes, see Orders dated October 19, 2009 and January 6, 2010, Docket Entry Nos. 7, 8;

and the defendants having attempted to obtain court-intervention in accordance with the protocol but did not have plaintiff's position;

and instead of simply granting the relief requested, the Court provided an opportunity for the plaintiff to cure the default and provide her position to the defendant so that it could be provided in a re-submitted joint letter, see Order dated February 17, 2010, Docket Entry No. 12 (directing that "Plaintiff shall provide Defendants with Plaintiff's responses to the issues raised in Defendants' letter dated February 17, 2010 no latter than **February 23, 2010 at 12:00 p.m.** Plaintiffs' failure to provide Defendants with its responses by that date will be construed as consenting to the relief that Defendants seek in their letter dated February 17, 2010.")

and the plaintiff having failed to comply with the directives;

and the Court therefore striking the plaintiff's submissions for failing to comply with the requirements of the Order dated February 17, 2010;

and the Court noting the plaintiff's representation that he has had "little success" in attempting to meet and confer with other counsel about discovery matters;

and the Court reminding the parties of their obligation to meet and confer in good faith before seeking court-intervention;

and the Court further notifying the parties that the "meet and confer" requirement requires that counsel actually speak with each other and that written exchanges alone will not constitute compliance with the "meet and confer" requirement;

and the Court seeking to ensure that all discovery is completed by the deadline set forth in the scheduling order;

IT IS THEREFORE ON THIS 23rd day of February, 2010

ORDERED that the plaintiff's letters dated February 23, 2010 are struck for failing to comply with the Order dated February 17, 2010;

IT IS FURTHER ORDERED that the resolution of the disputes that are the subject of Defendant Englewood's February 23, 2010 shall be set forth in a separate order;

IT IS FURTHER ORDERED that the parties shall meet and confer in good faith before seeking court-intervention and the "meet and confer" process requires that counsel actually speak with each other.  Written exchanges alone will not constitute compliance with the "meet and confer" requirement; and

IT IS FURTHER ORDERED that the plaintiff shall submit a letter that sets forth the

dates that the parties have reserved for conducting depositions in this case.[1]

                                                      **s/Patty Shwartz**
                                                      **UNITED STATES MAGISTRATE JUDGE**

---

[1] The terms of the Order dated January 6, 2010 directed that the parties provide dates reserved for depositions and intended that the Court be apprised of the dates that counsel had reserved by February 1, 2010.